FILED

00 FEB 17 AM 10: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

**United States District Court
Northern District of Alabama
Southern Division**

Major Saxton, Jr.,                        ]
                                          ]
   Plaintiff(s),                          ]
                                          ]
vs.                                       ] CV-98-N-1719-S
                                          ]
CSX Transportation, Inc., et al.,         ]
                                          ]
   Defendant(s).                          ]

ENTERED
FEB 17 2000

**Memorandum of Decision**

The court has for consideration the motion of defendant ACF Industries, Inc. ("ACF") for summary judgment. [Document # 67]. The motion has been fully briefed and was argued at the court's regularly scheduled motion docket on Thursday, January 27, 2000. Thus, it is ripe for decision. Upon due consideration, the motion will be granted and, there being no just reason for delay, the court will expressly direct the entry of final judgment under Rule 54(b), Fed. R. Civ. P.

The material facts are straight forward, simple and undisputed. The plaintiff, Major Saxton, Jr., was seriously injured on February 17, 1997, when he was exposed to sulphuric acid while disconnecting an unloading hose from a railroad tank car. [Third Amended Complaint, Document 43, ¶ 2]. The sulphuric acid tank car involved was owned and built by ACF and leased by it to Boliden Intertrade, Inc. ("Boliden"). [Taber Aff. ¶ 5].

The plaintiff filed his original complaint in the Circuit Court of Jefferson County, Alabama on June 5, 1998, naming as defendants Boliden, CSX Transportation, Inc. ("CSX"), Union Tank Car Company ("Union"), Marsh Instrument Company ("Marsh"), and fictitious

defendants which "owned," "maintained," or "designed, manufactured, (sic) distributed the tank car which is the subject of this lawsuit." The defendants removed the action to this court on diversity grounds on July 2, 1998. [Document # 1]. Thereafter, on October 16, 1998, the plaintiffs amended the complaint to add Mary Saxton as party plaintiff and General American Transportation Corporation ("GATX") and Trinity Chemical Industries, Inc. ("Trinity") as parties defendant. [Document # 17]. On November 25, 1998, the complaint was amended a second time to correctly identify the Trinity defendant as Trinity Industries, Inc. [Document # 25]. The action was reassigned to the undersigned judge on December 29, 1998. [Document # 35].

The court entered its standard "Initial Order" [Document # 36] on January 11, 1999. That order *inter alia* dismissed the action as to all fictitious parties "without prejudice to the right of any party to take advantage of the provisions of Rule 15(c), Fed. R. Civ. P." On February 17, 1999, the plaintiffs moved the court for an order to "hold open . . . the time for serving defendants." [Document # 39]. They argued that the requested extension would prevent Rule 4(m) from "foreclos[ing] the operation of Alabama's fictitious party practice in this case." The court granted the motion in a margin order on March 1, 1999. [Document # 40]. On March 26, 1999, the plaintiffs once more amended the complaint by adding ACF as a party defendant. [Document # 43]. This was the first occasion when this defendant was named in this lawsuit.

Though arguing alternative grounds as a basis for summary judgment, ACF's primary argument, and the only one on which this court relies, is that the plaintiffs waited

too long to add ACF as a party defendant.[1] In a diversity case, such as this, Alabama law provides the period of limitations applicable to bringing the action. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S. Ct. 1464, 1470 (1945). Under Alabama law, the applicable period of limitations for general tort claims is two years.[2] Because the amendment that added ACF came after the expiration of the two-year limitations period, the question that controls disposition of ACF's motion for summary judgment is whether the amendment of March 26, 1999, relates back to the filing of the initial pleading, well within the period provided by Alabama law.

First, the Eleventh Circuit, in circumstances similar to those present here, has made it entirely clear that it is federal and not state law that controls this question. *Wilson v. Navistar International Corp., et al.*, 193 F.3d 1212 (11th Cir. 1999). In *Wilson*, a judge of this court first permitted the plaintiffs to amend to add a defendant party after the limitations period had ended and then, deciding that federal law controlled the decision, vacated her first order and disallowed the amendment. The Eleventh Circuit affirmed. "Relation-back issues are procedural in nature and the Federal Rules of Civil Procedure apply." *Wilson*, at 1213-14 (citations omitted.) Moreover, the Eleventh Circuit has said,

> "When a plaintiff amends a complaint to add a defendant, but the plaintiff does so after the running of the relevant statute of limitations, then Rule

---

[1] In *Crowe v. Mullin*, 797 F. Supp. 930 (N. D. Ala. 1992), this court held that Rule 15(c)(1), Fed. R. Civ. P., had the effect of incorporating Alabama's fictitious party practice in a diversity case. Under *Crowe* the court would look to Alabama law to determine whether the amendment adding ACF would relate back to the filing of the action, saving the plaintiffs' claims against the limitations defense. Unfortunately, intervening and controlling decisions of the United States Court of Appeals for the Eleventh Circuit have cast considerable doubt on the continuing validity of *Crowe* and, in the opinion of the court, require a different result here.

[2] "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." *Ala. Code*, § 6-2-38(l).

> 15(c)(3) controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection."

*Powers v. Graff, et al.*, 148 F.3d 1223, 1225 (11th Cir. 1998), *quoting Wilson v. United States*, 23 F.3d 559, 562 (1st Cir. 1994). The court described the purpose and application of Rule 15(c)(3).

> The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant. *See Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (Relation back applies where the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued."). *See generally Hill v. United States Postal Serv.*, 961 F.2d 153 (11th Cir. 1992) (permitting pro se plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements); *see also Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986). "[The Rule] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, it does not permit relation back where . . . there is a lack of knowledge of the proper party." *Worthington*, 8 F.3d at 1256 (emphasis added).
>
> "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997). . . .

*Powers*, at 1226-27. Here, though arguing that they diligently sought to learn the identity of the manufacturer, owner, and lessor of the chemical tank car at the basis of this action, the plaintiffs concede that they first learned that ACF was the defendant sought after February 17, 1999, and shortly before they amended to add ACF to the suit as a defendant on March

26, 1999. Thus, ACF was not the beneficiary of "a mere slip of the pen" and is entitled to the benefit of the statute of limitations.[3]

This court's reading of Rule 15(c)(1) suggests that it is broad enough to incorporate Alabama's fictitious party rules and, were it free to do so, would follow the earlier rule in *Crowe*.[4] The Eleventh Circuit apparently reads it differently, though it is unclear whether the proper application of Rule 15(c)(1) was before the court of appeals in *Wilson*. It certainly was not in *Powers*.[5] Moreover, the court's reading of the rule in *Crowe* is consistent with at least some Supreme Court precedent holding that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would if tried in a State court." *Guaranty Trust*, 326 U.S. at 109. Though the court has strong reservations about whether *Wilson* was correctly decided, it is, of course, bound by what appears to be controlling precedent from the Eleventh Circuit.

In accord with these comments, the motion of defendant ACF for summary judgment on limitations grounds will be granted.

---

[3] The plaintiffs' Rule 4(m) argument is unavailing. The court did not purport to extend or toll Alabama's statute of limitations by granting their motion to extend the time for service of a summons and complaint. In any event, the plaintiffs cite no authority, and the court is aware of none, that would create in this court the power to extend or toll the statute of limitations under these circumstances.

[4] The parties have energetically contested questions regarding whether the plaintiffs could meet Alabama's diligence requirements for substituting named defendants for fictitious ones after the statute of limitations would ordinarily have run. Because the court has concluded that Rule 15(c)(3) and not Rule 15(c)(1) governs the relation back issue, it does not reach the question of plaintiffs' diligence.

[5] First, though *Powers* was decided in 1998, the amended complaint under consideration there was filed in December 1990, before the 1991 amendment that added Rule 15(c)(1). Second, *Powers* was based on federal question jurisdiction which, even had Rule 15(c)(1) been in place, would have given no occasion to consider whether the rule incorporated state relation back law in a case founded on diversity jurisdiction.

Done, this 16th of February, 2000.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE